UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KELLY FRITHIOF SUNDBERG, Patient #148336-1, | Case No.: 3:18-cv-00819-JAH-MDD |
|---|---|
| Plaintiff, | **ORDER:** |
| v. | **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]** |
| MICHAEL BARSOM, Executive Director, Patton State Hospital, | **AND** |
| Defendant. | **2) DISMISSING CIVIL ACTION SUA SPONTE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

KELLY SUNDBERG ("Plaintiff"), currently committed to Patton State Hospital ("PSH") and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Director of PSH on April 27, 2018. *See* Compl., ECF No. 1.

Plaintiff's Complaint contains no factual allegations whatsoever; instead it merely invokes a "deprivation of [his] rights," claims he is "wrongful[ly] detain[ed]," and cites to his currently pending writ of habeas corpus in *Sundberg v. Oreol*, S.D. Cal. Civil Case No.

3:16-cv-3127-WQH-AGS.[1] *Id.* at 2-5. Plaintiff seeks $10 million in damages, and requests an injunction preventing Defendant "from keeping [him] incarcerated." *Id.* at 6.

Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he or she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). A "civil detainee" on the other hand, is not a

---

[1] Plaintiff's § 2254 habeas petition was filed on December 19, 2016. *See Sundberg v. Oreol*, S.D. Cal. Civil Case No. 3:16-cv-3127-WQH-AGS (ECF No. 1). On January 10, 2018, United States Magistrate Judge Andrew G. Schopler issued a Report and Recommendation ("R&R") to dismiss Plaintiff's petition as time-barred. *Id.*, ECF No. 28. After Plaintiff filed a Motion for extension of time in which to file Objections, *id.*, ECF No. 40, United States District Judge William Q. Hayes appointed Plaintiff counsel pursuant to 18 U.S.C. § 3006A. *Id.* at 41. Counsel has since appeared on Plaintiff's behalf, and has until June 25, 2018 to file Objections on Plaintiff's behalf. *Id.*, ECF Nos. 42-44; *see also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (courts "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

"prisoner" within the meaning of the PLRA. *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir 2005); *Agyeman*, 296 F.3d at 886 (holding that INS detainee not also facing criminal charges is not a "prisoner" under § 1915); *see also Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person confined under California's Sexually Violent Predator Law, while a "a 'prisoner' within the meaning of the PLRA when he served time for his conviction, ... ceased being a 'prisoner' when he was released from the custody of the Department of Corrections."); *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1240 (N.D. Cal. 2008) (holding plaintiff "adjudicated NGI [not guilty by reason of insanity] and committed to [Napa State Hospital] as a result of that adjudication" was "not a prisoner as defined by the PLRA."); *accord Lorenzo v. Figueroa*, No. 3:17-CV-01493 DMS BGS, 2017 WL 4792384, at *1 (S.D. Cal. Oct. 24, 2017).[2]

Because Plaintiff is currently committed at PSH, and was not a "prisoner" as defined by the PLRA when he filed this action, the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to this case. *Andrews*, 398 F.3d at 1122. Therefore, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain this action, and GRANTS his Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2; S.D. Cal. CivLR 3.2(d).

## II.    Screening Pursuant to 28 U.S.C. § 1915(e)(2)

### A.    Standard of Review

A complaint filed by any person proceeding in forma pauperis is subject to sua sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such

---

[2] Judge Shopler's January 10, 2018 R&R confirms Plaintiff was found "not guilty by reason of insanity [NGI] of four felony crimes of violence, including attempted murder," in San Diego County Superior Court Criminal Case No. SCD132737, on February 11, 1999, and committed to PSH to a maximum term of life plus 6 years a few weeks thereafter. *See Sundberg v. Oreol*, S.D. Cal. Civil Case No. 3:16-cv-03127-WQH-AGS, ECF No. 28 at 1.

relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

///

B.    Discussion

As noted above, Plaintiff's pleading contains no factual allegations at all, and instead simply seeks damages and injunctive relief against the Executive Director of PSH based on the "deprivation" of unspecified rights, and his "wrongful detainment." *See* Compl., ECF No. 1 at 2-6.

Nowhere in Plaintiff's Complaint is there a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief." *See* Fed. R. Civ. P. 8(a)(1), (2) and (3). "Rule [8] mean[s] what it sa[ys]." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). And while "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Even allowing Plaintiff the wide latitude afforded pro se litigants, *see Hebbe*, 627 F.3d at 342 n.7, it is clear his Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) based on its failure to conform with Rule 8 or to include any "factual matter ... to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted). "Although a pro se litigant [...] may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

Further, to the extent Plaintiff's Complaint suggests he wishes to mount a second and duplicative challenge to the constitutional validity of his current NGI commitment or sentence in San Diego County Superior Court Criminal Case No. SCD132737, and secure his release as a result, he may not do so by filing a civil rights action. The habeas corpus petition he has already filed in *Sundberg v. Oreol*, S.D. Cal. Civil Case No. 3:16-cv-03127-WQH-AGS, is the proper means by which to challenge the legality or duration of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485, (1973)). Claims challenging the validity of a person's continued incarceration, including the fact or length of the custody, are within the "heart

3:18-cv-00819-JAH-MDD

of habeas corpus" and are cognizable only in federal habeas corpus. *Preiser*, 411 U.S. at 498-99 & n.14. In contrast, a civil rights action, typically brought pursuant to 42 U.S.C. § 1983, is the proper method for challenging unconstitutional conditions of confinement, but not the fact or length of custody. *See McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991); *Preiser*, 411 U.S. at 499; *Badea*, 931 F.2d at 574.

Finally, to the extent Plaintiff seeks damages based on his allegedly wrongful commitment and sentence, he may not do so in a § 1983 suit *before* successfully invalidating San Diego County Superior Court Criminal Case No. SCD132737 either by way of direct appeal or the issuance of a state or federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 22 U.S.C. § 2254.

*Id.*; *see also Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003); *Preiser*, 411 U.S. at 489-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court); *see also Rodgers v. Superior Court of San Diego*, No. 3:16-CV-02864-BEN-JMA, 2017 WL 890469, at *4 (S.D. Cal. Mar. 1, 2017) (sua sponte dismissing § 1983 suit filed by patient committed to Atascadero State Hospital based on *Heck's* favorable termination doctrine pursuant to 28 U.S.C. § 1915(e)(2)(B)).

There is no indication in Plaintiff's Complaint that he seeks to challenge the constitutionality of the conditions under which he is currently committed at PSH. *See Ramirez*, 334 F.3d at 856. And even if he did, the Southern District of California would not be the proper venue, for PSH is not located in San Diego or Imperial County, and the sole named Defendant, PSH Executive Director Michael Barsom, is not alleged to reside here. *See* 28 U.S.C. § 1391(b) (A "civil action may be brought in–(1) a judicial district in

which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]").

Thus, for all these reasons, the Court finds Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1127.

## III.    Conclusion and Order

Accordingly, the Court:

1)    **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2)    **DISMISSES** Plaintiff's Complaint sua sponte for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3)    **DENIES** leave to amend as futile, *see Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend);[3]

4)    **CERTIFIES** that an IFP appeal of this dismissal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

5)    **DIRECTS** the Clerk to enter a final judgment and close the file.

**IT IS SO ORDERED**.

Dated: June 6, 2018

Hon. John A. Houston
United States District Judge

------

[3] While amendment is futile in this § 1983 action because Plaintiff has yet to invalidate his commitment and/or sentence in San Diego Superior Court Case No. SCD132737 pursuant to 28 U.S.C. § 2254, the dismissal of this matter shall operate without prejudice to the pursuit of Plaintiff's habeas claims in *Sundberg v. Oreol*, S.D. Cal. Civil Case No. 3:16-cv-03127-WQH-AGS.